IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| QUINTEN JACKSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-13-1755 |
| CONVERGENT OUTSOURCING, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

The Plaintiff Quinten Jackson, proceeding *pro se*, asserts claims against the Defendant Convergent Outsourcing, Inc. ("Defendant" or "Convergent") arising out of a dispute over the collection and reporting of a debt—a Sprint telephone bill in the amount of $100.38. *See* ECF No. 5. In a Complaint filed in this Court, Jackson claims that these circumstances entitle him to relief from Convergent, and seeks the removal of the debt from his credit history as well as monetary damages of $777,000.00. ECF No. 1. Pending before this Court is Defendant's Motion to Dismiss ("Motion"). ECF No. 6. The parties' submissions have been reviewed and no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant's Motion (ECF No. 6) is GRANTED.

## STANDARD OF REVIEW

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and each allegation therein must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), 8(d)(1). In general, a complaint must allege sufficient facts to advance a plaintiff's claim "across the

line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

As this Court has held, "'the proper length and level of clarity for a pleading cannot be defined with any great precision and is largely a matter for the discretion of the trial court.'" *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (quoting Charles A. Wright & Arthur R. Miller, 5 Federal Practice & Procedure § 1217 (2d ed. 1990)). Although a *pro se* plaintiff is general given more leeway than a party represented by counsel, this Court "has not hesitated to require even *pro se* litigants to state their claims in an understandable and efficient manner." *Id.* (citing *Anderson v. Univ. of Md. Sch. of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990) (unpublished table decision)).

ANALYSIS

The Complaint in this case uses the form provided by this Court to *pro se* litigants and includes a one-page summary of facts. Affording Jackson the most possible leeway given his *pro se* status, his Complaint can be construed to assert that Convergent attempted to collect a debt without the license required under the Maryland Collection Agency Licensing Act, Md. Code Ann., Bus. Reg. § 7-301, failed to provide competent evidence that he owes a debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a), and improperly reported his debt to a credit reporting agency in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b). While Jackson's Complaint may be "short and plain," he fails to allege adequate facts to support any of his three claims. His Memorandum in Opposition to

2

the Motion to Dismiss does not cure this defect; Jackson simply argues that Convergent has failed to respond to his Complaint, ignoring the pending Motion to Dismiss. Despite his *pro se* status, Jackson must still make "a plausible claim for relief." *Ibqal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). His Complaint fails to meet this standard. Accordingly, his case is subject to dismissal.

First, as to Jackson's claim under the Maryland Collection Agency Licensing Act, Maryland law requires that "a person must have a license whenever the person does business as a collection agency in the State." Md. Code Ann., Bus. Reg. § 7-301. When determining the sufficiency of a Complaint, a court may consider "matters of which a court may take judicial notice without converting a 12(b)(6) motion into a motion for summary judgment." *Waugh Chapel South, LLC v. United Food & Commercial Workers Union Local 27*, 855 F. Supp. 2d 476, 486 (D. Md. 2012) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). In this case, this Court takes judicial notice that Convergent was licensed in Maryland to do business as a collection agency at the time of the Plaintiff's allegations. *See* License, ECF No. 6-2; *Ademiluyi v. PennyMac Mortg. Inv. Trust Holdings I, LLC*, 929 F. Supp. 2d 502, 510 (D. Md. 2013) (taking judicial notice of mortgage lender's licensure because status was "capable of accurate and ready determination" (quoting Fed. R. Evid. 201(b)). Therefore, Jackson's claim that Convergent was unlicensed in violation of the Business Regulations Article of the Code of Maryland must be dismissed.

Second, Jackson's claim pursuant to the Fair Debt Collection Practices Act ("FDCPA") also must be dismissed. The FDCPA requires a debt collector to mail a "validation notice" within five days of initial communication with consumer that provides

3

certain information regarding the debt. 15 U.S.C. § 1692g(a). Although Jackson alleges that Convergent failed to send him this required notice, his claim is contradicted by the exhibit he filed in support of his Complaint. *See* Verification Letter from Convergent, ECF No. 5. "Although the Court in considering a motion to dismiss pursuant to Rule 12(b)(6) accepts well-pleaded allegations as true and draws all reasonable inferences in favor of [the pleader], the actual contents of a written instrument attached to the complaint prevail over the conflicting characterizations by a [pleading party]." *Proctor v. Metro. Money Store Corp.*, 579 F. Supp. 2d 724, 735 (D. Md. 2008) (citing 5 Wright & Miller, Fed. Prac. & Proc. § 1327 (observing that "by attaching an exhibit, the pleader often may foreclose recovery on a theory of relief that he claims is available to him since the document itself may reveal the existence of an insurmountable defense")); *SuperMedia, LLC v. Baldino's Lock & Key Serv., Inc.*, No. BPG-12-1117, slip op. at 8-9 (D. Md. Feb. 14, 2013) (same). Jackson's own submission confirms that Convergent provided the verification required by the statute. *See Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1998) ("[V]erification of the debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed."). Accordingly, the Defendant's Motion to Dismiss the claim under the Fair Debt Collection Practices Act is granted.

Finally, this Court interprets Jackson's Complaint as alleging that Convergent deprived him of credit benefits in violation of the Fair Credit Reporting Act ("FCRA") by furnishing information to a credit reporting agency. If a consumer disputes the accuracy of information in a credit report, the consumer may have a private right of action against the furnisher of the inaccurate information if the furnisher fails to properly investigate a dispute.

4

15 U.S.C. § 1681s-2(b). However, as recently explained by Judge Gesner of this Court, a private cause of action arises under § 1681s-2(b) only when the debtor files a dispute with the credit reporting agency and the furnisher of the information in turn receives notice from the credit reporting agency that the consumer has filed a dispute. *Robinson v. Greystone Alliance*, LLC, No. BPG-10-3658, 2011 WL 2601573, at *3 n.6 (D. Md. June 29, 2011); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 359 (3d Cir. 2011) ("Although consumer reporting agencies are subject to immediate suit by consumers under §§ 1681n and 1681*o*, furnishers of the information are not. Instead, a private citizen wishing to bring an action against a furnisher must first file a dispute with the consumer reporting agency, which then must notify the furnisher of information that a dispute exists. Only after this notification can the furnisher face any liability to a private individual."). Jackson has not alleged any facts showing that he filed a dispute with the credit reporting agency, that Convergent received notice of a dispute from any credit reporting agency, or that the information provided by Convergent was actually inaccurate. Therefore, his claim for a violation of the Fair Credit Reporting Act must be dismissed.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 6) is GRANTED without prejudice.

A separate Order follows.


Dated: February 25, 2014  /s/
Richard D. Bennett
United States District Judge